**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| General Dentistry for Kids, LLC, ) | No. CV 07-1727-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Kool Smiles, P.C., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Now before the Court is Plaintiffs Motion to Remand to State Court (Doc. 11). Defendant has filed a Response (Doc. 13) and Plaintiff has filed a Reply (Doc. 14). After careful consideration of the papers submitted, and finding oral argument unnecessary, the Court hereby issues the following Order.

BACKGROUND

Plaintiff commenced this action in the Superior Court of Maricopa County, Arizona. On August 9, 2007. In its complaint, Plaintiff alleged state law causes of action based on the Defendant's alleged infringement of the wording "General Dentistry for Kids." Plaintiff has alleged claims for state trademark infringement pursuant to Arizona Revised Statute § 44-1451 and for unfair competition under Arizona State Law. Plaintiff seeks an injunction that would bar Defendant from using Plaintiff's Arizona trademark "General Dentistry for Kids" in connection with Defendant's Arizona facilities.

On September 10, 2007, Defendant timely removed this action from state court to federal court based on diversity of citizenship. Plaintiff has timely filed a Motion to Remand claiming that this Court lacks jurisdiction because Defendant has not properly alleged the factual basis supporting removal jurisdiction.

## LEGAL STANDARD

To remove Plaintiff's Arizona state law civil action, Defendant must show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a), § 1441(a). The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages. See Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F.Supp. 1196, 1198 (N.D.Cal. 1998). In this case, it is not facially evident from the complaint that more than $75,000 is in controversy. Defendant therefore is required to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Valdez v. Allstate Insurance Company, 372 F.3d 1115, 1117 (9th Cir. 2004) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). Conclusory allegations, "neither [overcome] the 'strong presumption' against removal jurisdiction, nor [satisfy] [the defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" the applicable dollar value. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). To satisfy the preponderance of the evidence test for jurisdiction, the defendant may present facts in the removal petition as well as summary-judgment-type evidence relevant to the amount in controversy at the time of removal. Valdez, 372 F.3d at 1117.

In determining whether the amount in controversy requirement is met, courts may consider not only damages but also the cost to the defendant of specific performance. See Sanchez, 102 F.3d at 405 (citing Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944) (holding that for purposes of calculating amount-in-controversy, "[t]he value of the thing sought to be accomplished by the action may relate to either or any party to the action"). Courts also may consider reasonable attorneys' fees if that are recoverable under

1 a statute or contract.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir.
2 1998).

## DISCUSSION

Defendant has removed this action from state court pursuant to 28 U.S.C.§ § 1441, 1446, and has invoked this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332. Plaintiff asserts that the case must be remanded because Defendant has not carried its burden of establishing that the jurisdictional amount requirement has been met.  In support of its position, Plaintiff cites Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992).  In Gaus, the defendant alleged the amount in controversy exceeded the jurisdictional requirement ($50,000 at that time), but did not provide underlying facts in support of the position. Id. at 566-67.  The Ninth Circuit allowed supplemental briefing to address the potential defect in the requisite amount in controversy. Id. at 566.  In the supplemental briefing, Gaus failed to point to any pleading that supports that the amount in controversy has been met and the Ninth Circuit remanded to the district court with direction to remand the case to state court. Id.

Plaintiff asserts that the instant case is analogous to Gaus. Plaintiff argues that, the Defendant here has not met its burden of establishing that the jurisdictional amount has been met because Defendant did not include in the Removal Notice the factual basis for its allegations that the jurisdictional amount exceeds $75,000.  Therefore, Plaintiff contends, jurisdiction before this Court is improper and the case must be remanded to state court.

It is true that Defendant's removal notice was deficient because it only summarily alleged that the amount in controversy exceeded $75,000, without alleging any underlying facts to support this assertion.[1]  Gaus, 980 F.2d at 567.  However, in its Response to Plaintiff's Motion to Remand, Defendant asserts that the expenses it will incur if required to comply with an injunction, should Plaintiff obtain one, would far exceed the $75,000

---

[1] In the Notice of Removal, Defendant merely alleges "that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs."

1  threshold amount for jurisdiction to be appropriate. In support of this position, Defendant
2  attached an affidavit from Brian Bouma, the CEO of DPMS, Inc., which provides practice
3  management services to the Kool Smiles dental offices in Ariziona. In his affidavit, Mr.
4  Bouma describes and itemizes the expenses involved in complying with an injunction to
5  prevent the four Kool Smiles offices in Arizona from using the wording "General Dentistry
6  for Kids." According to Mr. Bouma, the total dollar amount involved would be at least
7  $136,000. "It is proper to treat the removal petition as if it has been amended to include the
8  relevant information contained in the later-filed affidavits." Willingham v. Morgan, 395 U.S.
9  402, 407 n.3, 89 S.Ct. 1813 (1969); see also 28 U.S.C. § 1653 ("Defective allegations of
10 jurisdiction may be amended, upon terms, in the trial or appellate courts"). The Court
11 considers Defendant's Response and the affidavit attached thereto as amending the Notice
12 of Removal. The Court finds that the later-filed affidavit of Mr. Bouma demonstrates that
13 the amount the Defendant may lose surpasses the jurisdictional amount. Such a showing
14 meets the amount in controversy requirements for jurisdiction to be appropriate. See
15 Sanchez, 102 F.3d at 405. Accordingly, jurisdiction is appropriate in this Court.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED denying Plaintiff's Motion to Remand to state court (Doc. 11).

IT IS FURTHER ORDERED denying Plaintiffs' request for oral argument.

DATED this 25th day of April, 2008.

_____
Mary H. Murguia
United States District Judge

- 4 -