**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| General Dentistry For Kids, LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> Kool Smiles, P.C., <br><br> Defendant. | No. CV 07-1727-PHX-MHM <br><br> **ORDER** |

Currently before the Court is Defendant's Motion for Summary Judgment (Dkt.# 41). Plaintiff is suing Defendant, Kool Smiles, P.C., ("Kool") for trademark infringement and unfair competition for use of the phrases, "GENERAL DENTISTRY FOR KIDS" and "GENERAL DENTISTRY 4 KIDS." (Dkt.#1) Defendant asks this Court to determine whether Plaintiff, General Dentistry for Kids, LLC, ("GD4K") has provided sufficient evidence to withstand Defendant's motion for summary judgment.

A motion for summary judgment may be granted only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). To defeat the motion, the non-moving party must show that there are genuine factual issues "that properly

1 can be resolved only by a finder of fact because they may reasonably be resolved in favor of
2 either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). Summary
3 judgment is appropriate against a party who "fails to make a showing sufficient to establish
4 the existence of an element essential to that party's case, and on which that party will bear
5 the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

6 Here, the Court need not reach the trademark and unfair competition issues that were
7 briefed by the parties. Plaintiff concedes that Kool is a Georgia-based corporation that does
8 not have any presence in Arizona and does not conduct any business in Arizona. (Dkt.# 42
9 ¶¶ 1, 2, Dkt.#53, ¶ 1) According to information submitted by Defendant (and uncontested
10 by Plaintiff), Kool Smiles dental offices in Arizona apparently conduct business using the
11 following entities: KS AZ-1, PC, KS AZ-2, PC, KS AZ-3, PC, and KS AZ-4, PC. (Dkt.# 42
12 ¶ 2, Exh. A ¶¶ 1, 3; Dkt.#53 ¶ 1) Plaintiff failed to name any of these entities as defendants,
13 nor has it moved to amend the complaint to include these defendants. Plaintiff merely states
14 in a footnote to its brief that it is "investigating" these contentions and that "[i]f it determines
15 that it has sued the wrong party, [it] will move under Rule 41(a), Fed. R. Civ. P. to dismiss
16 the present action and refile against the correct parties in Maricopa County Superior Court."
17 (Dkt. #52 at 2)

18 However, the time for investigation is past; at summary judgment, the burden is on
19 Plaintiff to come forward with evidence to support its claim. Plaintiff's failure to respond
20 in any other way to these assertions is tantamount to an admission that it has sued the wrong
21 party. The Complaint itself limits the claims at issue to conduct that occurred in Arizona,
22 stating in paragraph 3 that "Defendant has caused events to occur in Maricopa County,
23 Arizona, upon which the claims asserted in this action are based," yet the parties agree that
24 the only named defendant conducted no business in and has no presence in Arizona. (Dkt.#1
25 ¶ 3;Dkt.# 42 ¶ 2, Dkt.#53, ¶ 1) The Court has no jurisdiction over entities who are not named
26 as defendants; therefore it does not (and cannot) reach the hypothetical trademark and unfair
27 competition questions that the parties have briefed. *See Steel Co. v. Citizens for a Better*
28 *Env't*, 523 U.S. 83, 101 (1998) ("Hypothetical jurisdiction produces nothing more than a

1  hypothetical judgment – which comes to the same thing as an advisory opinion, disapproved
2  by [the Supreme] Court from the beginning.").
3  **Accordingly,**
4  **IT IS HEREBY ORDERED** granting Defendants' Motion for Summary Judgment
5  and dismissing this case with prejudice.  (Dkt.# 41)
6  **JUDGMENT ENTERED ACCORDINGLY.**
7  **DATED this 14th day of April, 2009.**

_____
Mary H. Murguia
United States District Judge